IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| PHILLIP T. THOMPSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:13CV00120 SWW |
| | * | |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, ET AL., | * | |
| | * | |
| | * | |
| Defendants. | * | |

**Memorandum and Order**

On March 12, 2014, the Court granted defendants' motion for summary judgment and dismissed plaintiff's complaint, leaving the counterclaim and third-party complaint remaining for trial. On April 7, 2014, the Court denied plaintiff's motion to dismiss the counterclaim. Now before the Court are plaintiff's motion to alter or amend judgment, motion for reconsideration, and requests for judicial notice. Defendants responded to the motions. For the reasons stated below, the Court finds the motions and requests should be denied.

Plaintiff moves pursuant to Fed.R.Civ.P. 59(e) to alter or amend the Court's Order in which the Court dismissed plaintiff's complaint. He asserts the Court was premature in granting summary judgment because of defendants' pending compulsory counterclaim. Plaintiff also argues the counterclaim is untimely, that BONY lacks standing, and that the notice of intent letter is deficient.[1]

---

[1] The Court directed plaintiff, who is proceeding *pro se*, to be familiar with and follow the Local Rules of the Court as well as the Federal Rules of Civil Procedure. *See* ECF No. 7. Local Rule 7.2(a) states that "[a]ll motions except those mentioned in paragraph (d) shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law. Both documents shall be filed with the Clerk . . ." Plaintiff failed to file a separate motion as required by Rule 7.2.

Rule 59(e) permits a motion to alter or amend judgment if filed no later than 28 days after the entry of judgment.[2] District courts have broad discretion in determining whether to amend their own judgment. *Innovative Home HealthCare, Inc. v. P.T.-O.T. Assocs. of Black Hills* 141 F.3d 1284, 1286 (8th Cir. 1998). "It should be noted that Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' 'Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)(internal citations omitted). "To succeed on a Rule 59(e) motion, the movant must show (1) the evidence was discovered after the summary judgment hearing; (2) the movant exercised due diligence to discover the evidence before the end of the summary judgment hearing; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new hearing considering the evidence would probably produce a different result." *Briscoe v. County of St. Louis, Missouri*, 690 F.3d 1004, 1015-16 (8th Cir. 2012) (quoting *Callanan v. Runyun*, 75 F.3d 1293, 1297 (1996).

Apparently quoting Arkansas Rule of Civil Procedure 56(d), plaintiff argues that because the Court did not dispose of the entire case on summary judgment, it had a duty to make an order formulating the issues for trial. Plaintiff claims he is prejudiced by the Order dismissing his claim when defendants have a pending counterclaim against him. The Federal Rules of Civil Procedure apply in this case, *see* Fed.R.Civ.P. 81(c)(1), and Rule 56(g) seems most analogous to Ark.R.Civ.P. 56(d). Federal Rule of Civil Procedure 56(g) provides: "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact - including an item of

---

[2]The Court anticipates entering a separate judgment pursuant to Fed.R.Civ.P 58 once the entire case is resolved.

damages or other relief - that is not genuinely in dispute and treating the fact as established in the case." Here, the Court granted the relief requested in defendants' motion for summary judgment and dismissed plaintiff's complaint, leaving the counterclaim for judicial foreclosure and third-party complaint remaining for trial.

By his motion, plaintiff also renews his attack on defendant BONY's standing to enforce the note and argues that the acceleration notice sent to him on or about November 27, 2012, does not comply with the notice requirements for purposes of the judicial disclosure. The Court finds plaintiff fails to establish the elements necessary for considering any new evidence and fails to show a manifest error of law or fact. Therefore, his motion to alter or amend judgment is denied.

Plaintiff also filed a motion for reconsideration of the Court's Order of April 7, 2014, denying plaintiff's motion to dismiss defendants' counterclaim.[3] Plaintiff re-asserts his statute of limitations argument and adds to it an argument that federal law preempts a finding that Arkansas revival statutes apply to his Chapter 13 bankruptcy petition. "The Federal Rules of Civil Procedure do not account for "motions to reconsider." However, we have determined that motions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders." *Nelson v. American Home Assur.* Co., 702 F.3d 1038, 1043 (8th Cir. 2012)(internal quotations and citations omitted). The denial of a Rule 60 motion is reviewed for an abuse of discretion. *Id.*

Rules 59(e) and 60(b)

are simply *not* designed to furnish a vehicle by which a disappointed party may reargue matters already argued and disposed of, nor are they aimed at providing a mechanism by which new arguments or legal theories, which could and should have

---

[3]Plaintiff also filed a pleading entitled "Objection to Order," in which he attacks the Court's ruling on the statute of limitations issue on substantially the same grounds as in his motion for reconsideration. *See* ECF No. 123. Defendants responded to the pleading. Neither the Federal Rules of Civil Procedure nor the Local Rules provide for filing objections to a prior order of the Court.

>been raised prior to the issuance of judgment, can be later advanced. Attempts to take a "second bite at the apple" or pad the record for purposes of appeal (especially when new legal theories or issues are not previously argued, but subsequently come to the mind of the losing party) are thus beyond the intended scope of Rules 59 and 60. Therefore, when issues have been carefully analyzed and a judgment has been rendered, only a change in the law or the facts upon which the court's decision was based generally justify a reconsideration or amendment of a court's previous order. Such motions are thus granted sparingly and properly viewed as an extraordinary remedy.

*In re DEF Investments, Inc.*, 186 B.R. 671, 681 (Bkr. D.Minn.1995)(internal citations omitted).

After carefully reviewing the plaintiff's motion, objection, defendants' responses, and the pertinent Order, the Court finds plaintiff fails to establish grounds under 60(b) for relief from the Order denying his motion to dismiss the counterclaim.

Plaintiff asks the Court to judicially notice documents he filed in support of his motion to dismiss. His requests are largely a re-argument of his claim that defendants' counterclaim is barred by the statute of limitation, that BONY has no standing, and that the acceleration letter dated November 27, 2012, was deficient for purposes of the judicial foreclosure. The requests are denied.

IT IS THEREFORE ORDERED that plaintiff's motion to alter or amend judgment [ECF No. 127], plaintiff's motion for reconsideration [ECF No. 128], and plaintiff's requests for judicial notice [ECF. Nos. 126 & 138] are denied..

DATED this 12th day of May, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE