IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**PHILLIP T. THOMPSON**                                                                    **PLAINTIFF**

v.                                   **Case No. 4:13-cv-00120-KGB**

**BANK OF NEW YORK MELLON**
**TRUST COMPANY,** *ET AL.*                                                       **DEFENDANTS**

**OPINION AND ORDER**

Before the Court is defendant/counter-plaintiff Bank of New York Mellon Trust Company's ("BONY") motion for partial summary judgment on damages (Dkt. No. 238). Plaintiff Phillip T. Thompson filed a response opposing BONY's motion for partial summary judgment (Dkt. No. 246). BONY filed a reply (Dkt. No. 249). Mr. Thompson then filed a motion for leave to file a motion to strike BONY's reply, in which he alleges that BONY's reply is untimely filed (Dkt. No. 250). Mr. Thompson subsequently filed a notice withdrawing his motion for leave (Dkt. No. 251). The Court grants BONY's motion for partial summary judgment (Dkt No. 238) and denies as moot Mr. Thompson's motion for leave to file motion to strike untimely reply (Dkt. Nos. 250, 251).

The Court previously granted BONY's motion for summary judgment as to liability on its counterclaim (Dkt. No. 235). The factual and procedural history of this case is set out in detail in that Order. By granting BONY's motion for summary judgment, the Court determined that Mr. Thompson is liable to BONY for the balance on a Note and Mortgage securing real property located in Pulaski County, Arkansas. The Court, however, denied BONY's motion for summary judgment on damages and determined that a genuine issue of material fact remained with regard to the amount owed by Mr. Thompson. The Court acknowledged that the issue of fact was due, in part, to the passage of time since BONY's first motion was filed (Dkt. Nos. 171,

235).  Subsequently, BONY filed a motion for summary judgment concerning damages (Dkt. No. 238).

    **I.**    **Standard**

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing Fed. R. Civ. Proc. 56(c)).  An issue of material fact is genuine if it has a real basis in the record.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  A genuine issue of fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Procedurally, the movant has the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant is not required by the rules to support its motion with affidavits or other similar materials negating the opponent's claim.  *Id*.  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  "Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id*. at 587.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

## II. Analysis

In its motion, BONY contends that Mr. Thompson owes damages for the balance of the loan (Dkt. No. 239, at 2). BONY contends that, through August 1, 2013, the amount due and owing by Mr. Thompson pursuant to the Note was $399,896.49, which represented a principal balance of $220,304.54 plus per diem interest in the amount of $71.83 from August 2, 2013, until paid, plus other fees and funds in the amount of $44,069.34, plus reasonable attorney's fees and all collection costs incurred by BONY (Dkt. No. 239, at 2–3).[1] BONY contends that these sums are permitted under the Note and Mortgage. BONY relies, in part, on the affidavit of Jim Mikoley, Assistant Vice President of AMS Servicing, LLC ("AMS"), the successor loan servicer for BONY, as support for its requested damages (Dkt. No. 171, Ex. 3, *Mikoley Aff.*).

In his response, Mr. Thompson contends that: (1) there are clear discrepancies in BONY's records that create a genuine issue of material fact as to the amount of interest, fees, and costs that Mr. Thompson owes on the Note; (2) BONY lacks standing to seek the relief requested; (3) BONY's foreclosure suit was filed after the expiration of the five-year statute of limitations set forth in Arkansas Code Annotated § 4-3-118(a), and; (4) the Court failed to consider BONY's June 15, 2008, acceleration letter in its Order determining that BONY's action was not barred by the statute of limitations, and the failure to consider that letter gives the appearance of impropriety (Dkt. No. 247).

### A. Genuine Issues Of Material Fact

Mr. Thompson's first point is that there are clear discrepancies in BONY's records regarding the amount he owes on the Note. Mr. Thompson appears to argue that the Court's

---

[1] BONY represents in its motion that it seeks partial summary judgment on the issue of damages in the amounts set forth in Mr. Mikoley's Affidavit and that it is willing to waive the remainder of interest, fees, and costs to which it may be entitled (Dkt. No. 238, at 4, ¶ 10).

3

prior Order determining that there is a genuine issue of material fact with regard to the amount owed by Mr. Thompson bars BONY's present motion for damages.  Res judicata bars relitigation of a claim if:  (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Cardona v. Holder*, 754 F.3d 528, 530 (8th Cir. 2014).  Res judicata does not apply in the absence of a final judgment on the merits, particularly when the same litigation is pending.  *Looney v. Looney*, 986 S.W.2d 858, 862 (Ark. 1999) (holding that res judicata does not apply to a judgment entered during the same litigation). The Court's prior Order was not a final judgment on the merits because the issue of damages remained.  In addition, there is no "prior litigation" as the Court's order is part of the continuing trial level litigation between these parties.  Therefore, res judicata is inapplicable.

Mr. Thompson next points the Court to a letter from AMS, dated August 19, 2013, which states that the balance on the Note as of that date is $436,875.91 (Dkt. No. 247, Ex. B, *AMS Letter*).  Mr. Thompson contends that this letter, when compared to Mr. Mikoley's affidavit stating that the amount due as of August 1, 2013, is $399,896.49, creates a genuine issue of material fact regarding the amount due.  The Court disagrees.

The validation of debt in Mr. Mikoley's affidavit is dated August 1, 2013, whereas the AMS letter is dated August 19, 2013.  The Note and Mortgage permit the accrual of interest on a daily basis.  The AMS letter indicates that the amount of the balance may include additional charges such as corporate advances, negative escrow balances, outstanding late charges, and any other outstanding allowable charges.  Mr. Mikoley's affidavit states that the debt balance only includes interest accrued through August 1, 2013, and other fees and funds in the amount of $44,069.340.  Thus, the two amounts may not include the same fees and other charges.

In addition, Mr. Thompson has failed to rebut BONY's record evidence regarding the principal amount due and the interest and fees charged with any record evidence of his own. Mr. Thompson contends that this is because he did not have the luxury of access to loan documents. However, Mr. Thompson provides no explanation for why he could not obtain those documents. Given these circumstances, the Court declines to find that the AMS letter creates a genuine issue of material fact with regard to the amount owed on the Note by Mr. Thompson.

### B.  Standing

Next, Mr. Thompson contends that he has documents in his possession that demonstrate that BONY is not the true holder of the Note because BONY's assets were sold to Altisource on April 5, 2013 (Dkt. No. 247, Ex. D., Altisource Form 10-K). In support, Mr. Thompson attaches a Form 10-K from Altisource. The Form 10-K shows that Altisource acquired approximately 720 mortgage loans from BONY on April 5, 2013 (Dkt. No. 247, Ex. D, Altisource Form 10-K, at 10). The form, however, does not indicate which loans were sold, and Mr. Thompson has failed to provide the Court with any record evidence tending to show that his loan was included in this transaction. In resisting a motion for summary judgment, the nonmoving party may not rely on mere speculation or conjecture but, instead, must set forth specific facts showing there is a genuine issue for trial. *Bayside Holdings, Ltd. v. Viracon, Inc.*, 709 F.3d 1225, 1228 (8th Cir. 2013). Here, Mr. Thompson has produced only mere speculation or conjecture that his loan may have been included in the sale to Altisource. Without more, the Court declines to find that there is a genuine issue of material fact with regard to ownership of the Note based on Altisource's Form 10-K.

The Court also acknowledges that Mr. Thompson has once again raised the now familiar issue of BONY's standing to pursue foreclosure of the Note and Mortgage. The Court declines

to revisit this issue, which has been addressed in multiple prior orders (Dkt. Nos. 123, 144, 188, 235).

### C. Statute Of Limitations And Acceleration Letter

Mr. Thompson also contends that the Court's Order determining liability did not address an acceleration letter dated June 15, 2008. Mr. Thompson contends that the Court's failure to do so gives the appearance of impropriety. He contends that this letter is undisputed proof that BONY's counterclaim was filed after the statute of limitations expired.

The Court has addressed Mr. Thompson's statute of limitations argument several times (Dkt. Nos. 123, at 3–4; 144, at 4; Dkt. No. 188; Dkt. No. 235, at 21, 27–28). In its most recent Order on the topic, the Court specifically discussed an acceleration letter dated July 21, 2008, as well as Mr. Thompson's contention that the statute of limitations expired sometime in July 2013 (Dkt. No. 235, at 21). The Court rejected Mr. Thompson's argument based, in part, on the Arkansas Supreme Court's holding in *Mitchell v. Federal Land Bank of St. Louis*, 174 S.W.2d 671 (Ark. 1943).

In his response, Mr. Thompson contends that deceleration of an acceleration clause can only be accomplished through a voluntary dismissal expressly stating there was an agreement between the lender and borrower or by sending a letter of deceleration. Mr. Thompson contends he neither agreed to deceleration nor received a letter of deceleration. Thus, he contends that the Court incorrectly applied *Mitchell*.

In fact, *Mitchell* expressly notes that, with the type of acceleration clauses such as the one presented here, "the right to waive the acceleration may be exercised by the unilateral act of the creditor, in the absence of any claim or showing that the debtor has changed position because of the acceleration." *Id*. at 676–77. While *Mitchell* involved a court order in which the creditor

and debtor agreed to dismissal of a previously scheduled foreclosure suit, nothing in *Mitchell* indicates that such an agreement is a requirement or that a creditor must send any form of deceleration letter in order to waive its right to acceleration. Therefore, the Court declines to revisit its statute of limitations determination. This Court determines that none of the acceleration letters received by Mr. Thompson prior to November 27, 2012, started the running of the statute of limitations because the foreclosure sales were canceled (Dkt. No. 235, at 27). This includes the June 15, 2008, letter.

### III. Conclusion

In conclusion, the Court grants BONY's motion for partial summary judgment in its favor and against the counterclaimant Phillip T. Thompson and the real property subject to the mortgage as follows:

(a) The Court grants an *in personam* and *in rem* judgment on the counterclaim against Mr. Thompson and the real property collateral in the amount of $399,896.49, plus per diem interest in the amount of $71.83 beginning August 2, 2013, until paid in full;

(b) The Court grants BONY's request for a decree of foreclosure on the property described as follows:

> 6115 Sandy Lane, Little Rock, AR 72204, legally described as: Lot 45, Shadybrook Subdivision a part of the Southeast l/4 Northeast 1/4 Section 28, Township 1 North, Range 13 West, City of Little Rock, Pulaski County, Arkansas;

(c) If the judgment rendered is not paid within ten days after entry, a Commissioner shall be appointed for the purpose of conducting a judicial sale of the property, with the proceeds of the sale applied as follows: first, to costs of sale, then to payment of the judgment in favor of BONY, and with the balance, if any, to be paid as the Court directs;

(d) The foreclosure sale is to occur subject to the right of redemption of the United States, Internal Revenue Service, as set forth in 28 U.S.C. § 2410;

(e) BONY or its assignee is permitted to bid at the foreclosure sale without bond as an offset against the judgment rendered in its favor herein;

    (f) BONY is entitled to enforce performance by a purchaser at a judicial sale or, without waiving damages, to take the second highest bid, and so on until the property is sold to a bidder, or, if no second highest bid exists, to reschedule the sale without further Order of the Court.

Finally, the Court retains jurisdiction to enter a writ of assistance, if necessary.

The Court denies as moot Mr. Thompson's motion for leave to file in light of his withdrawal of that same motion (Dkt. Nos. 250, 251).

    It is so ordered this 21st day of September, 2016.

                                    Kristine G. Baker
                                    United States District Judge